RAY, J.
 

 On July 28, 2010, Appellant timely filed this appeal seeking review of a judgment and sentence entered on July 16, 2010. However, the notice of appeal also referenced a judgment and sentence entered on May 3, 2010, and the issues on appeal relate to this judgment and sentence only. Due to the lapse of time between May 3, 2010, and July 28, 2010, we ordered Appellant to show cause why this appeal should not be limited to the judgment and sentence entered on July 16, and further, why this appeal should not be affirmed without additional consideration in view of the fact that the issues raised in the initial brief relate only to the judgment and sentence entered on May 3. Upon consideration of Appellant’s response, we hold that the notice of appeal was untimely as to the May 3 judgment and sentence. Limiting our review to consideration of the July 16 judgment and sentence, we affirm and write only to explain our jurisdictional determination.
 

 By indictment, the State charged Appellant with first-degree murder (count one), armed robbery with a firearm (count two), and possession of a firearm by a convicted felon (count three). Count three was severed, and Appellant proceeded to trial on counts one and two. The jury found Appellant guilty of both counts, and on May 3, 2010, while the prosecution for count
 
 *708
 
 three remained pending, the court held a sentencing hearing for counts one and two. At the conclusion of that hearing, with counsel present, the court advised Appellant that he would have thirty days to file a notice of appeal. On the same day, the court entered the order adjudicating Appellant guilty of counts one and two and signed the sentencing form, which also memorialized that Appellant would have thirty days from that date to file a notice of appeal.
 

 On July 10, 2010, the State filed an amended information as to count three, changing the allegation to state that Appellant had, as a convicted felon, possessed a firearm and/or ammunition. Appellant pled nolo contendere to that charge, and on July 16, 2010, the court entered the order adjudicating Appellant guilty and signed the sentencing form.
 

 Florida Rule of Appellate Procedure 9.140(b)(1)(A) permits a criminal defendant to file a direct appeal from “a final judgment adjudicating guilt.” The jurisdictional time limit for filing such an appeal is set forth in Florida Rule of Appellate Procedure 9.140(b)(3), which provides that a notice of appeal must be filed “at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence.”
 
 See also Fox v. District Court of Appeal, Fourth District,
 
 553 So.2d 161, 163 (Fla.1989) (holding that “the relevant rules and requirements of justice mandate that the time for appeal from a sentence under rule 9.140, either by the defendant or by the state, begins running when the trial judge orally pronounces sentence in court and signs the sentencing form”). Under the plain language of this rule, Appellant’s appeal from the May 3 judgment and sentence was untimely.
 

 Nevertheless, citing the familiar principle that an order is not final unless it leaves no judicial labor to be done, Appellant argues that the May 3 judgment and sentence does not constitute an appealable final order. Essentially, he contends that no appeal could be taken from that order until the court completely disposed of the third count charged in the case. For support, Appellant analogizes to civil cases where courts have held that an order disposing of a claim is non-final where interrelated claims remain.
 
 See, e.g., S.L.T. Warehouse Co. v. Webb,
 
 304 So.2d 97, 100 (Fla.1974) (holding that an order dismissing a counterclaim was not an appealable final order because the counterclaim was substantively related to pending claims and the parties to the counterclaim remained involved in the proceedings below);
 
 Hernando County v. Leisure Hills, Inc.,
 
 648 So.2d 257, 258 (Fla. 5th DCA 1994) (dismissing an appeal where the court issued a partial final judgment on the issue of whether the plaintiff was entitled to have its plat recorded but left unresolved the issue of whether the plaintiff was entitled to damages, which was “so intertwined as to be inseparable”);
 
 Welch v. Resolution Trust Corp.,
 
 590 So.2d 1098, 1099 (Fla. 5th DCA 1991) (holding that “[a] final summary judgment entered on one count of a multi-count complaint is not appeal-able where interrelated counts remain”). The analogy to these cases is unfitting because it would obligate us to deem a final judgment adjudicating guilt non-final and, thus, not immediately appealable. Such a holding would unjustly require a criminal defendant to delay his appeal even though he would be required to begin serving the sentence immediately after rendition of the sentencing order.
 
 See Fox,
 
 553 So.2d at 163.
 
 [1]
 

 
 *709
 
 The appeal from the May 3 judgment and sentence could be deemed timely only if there were a provision in the rules giving a criminal defendant the option either to appeal immediately from a judgment and sentence or to postpone the appeal pending the disposition of any severed counts.
 
 Cf.
 
 Fla. R.App. P. 9.110(k) (providing for an appeal from a partial final judgment in certain cases, not including criminal cases where a judgment and sentence has been entered, either immediately or at the conclusion of the entire case). Because no such provision exists, we must follow the jurisdictional time limit prescribed by Rule 9.140(b)(3) and hold that the time period for filing a notice of appeal from a criminal conviction begins after the rendition of the final judgment and within thirty days from rendition of a written order imposing sentence, regardless of whether other counts remain pending in the case.
 

 As an alternative to arguing that the appeal was timely in all respects, Appellant’s counsel has requested that we treat his response to the order to show cause as a petition for a belated appeal. We decline to do so because the allegations in the response are facially insufficient as a petition for a belated appeal, in that they lack the required specificity and are not made subject to a proper oath.
 
 See
 
 Fla. R.App. P. 9.141(c)(3);
 
 Raley v. State,
 
 884 So.2d 501, 501 (Fla. 5th DCA 2004) (holding, in the context of a petition for belated appeal, that “an oath not acknowledging that it is made subject to the laws governing perjury is insufficient”). Thus, it does not set forth a prima facie case for relief.
 

 For the foregoing reasons, we affirm the judgment and sentence entered on July 16, 2010, and decline to address the issues raised with respect to the judgment and sentence entered on May 3, 2010. This disposition is without prejudice to Appellant’s right to seek a belated appeal by a proper petition pursuant to Florida Rule of Appellate Procedure 9.141(c).
 

 AFFIRMED.
 

 WOLF and MARSTILLER, JJ., concur.
 

 [1]
 

 . Appellant’s counsel notes that he was not sent to the Department of Corrections on May
 
 *709
 
 3, but instead remained in the county jail pending the resolution of count three. The record reflects that the trial judge gave Appellant the option of remaining in the county jail for convenience only, given that he may need to meet with his attorney in preparation for the potential trial on count three.