PALMER, J.
Allihondra Clarance Moody (defendant) appeals his convictions arising from a jury trial on several counts and a subsequent bench trial on the remaining count. We affirm as to the bench-tried count without comment. We write to explain why we decline to address the defendant’s argument as to the counts tried by a jury, as the appeal is untimely as to those counts.
The defendant was charged with five counts, the fourth of which was possession of a firearm by a convicted felon. Count 4 was severed for trial, and the defendant was first tried before a jury on counts 1, 2, 3, and 5. The jury found him guilty either as charged or of a lesser included offense on each count. On August 26, 2011, the trial court rendered orders adjudicating the defendant guilty and sentencing him on counts 1, 2, and 5. The court deemed count 3 subsumed into count 1. The defendant timely filed a motion for new trial. On September 15, the court rendered an order denying the motion. On September 28, the court held a bench trial on count 4. The court found the defendant guilty and, on the same day, rendered an order sentencing him. The defendant timely filed a motion for new trial on count 4. On November 3, the defendant filed a notice of appeal as to all counts. On December 14, the court filed a corrected sentencing order on counts 1, 2, and 5, reflecting corrected minimum mandatory prison terms.
On appeal, the defendant argues that the trial court erred by refusing to allow a read-back of testimony to the jury in the trial on counts 1, 2, and 5. However, the defendant’s notice of appeal was untimely as to those counts.
A notice of appeal must be filed within 30 days of rendition of the sentencing order. Fla. R.App. P. 9.140(b)(3) (2011). Where a sentencing order is rendered on one or more counts, the judgment on those counts is final for purposes of appeal, and the time for filing a notice of appeal runs from the rendition of the sentencing order, regardless of whether other counts remain pending. Jones v. State, 78 So.3d 706 (Fla. 1st DCA 2012).
Here, the sentencing order on counts 1, 2, and 5 was rendered on August *733 26, 2011. The defendant timely filed a motion for new trial, which suspended rendition of the sentencing order until an order disposing of the motion was rendered. Fla. R.App. P. 9.020(h)(1). The order denying the motion was rendered on September 15. Thus, the 30-day appeal clock began then and expired on Monday, October 17. The defendant filed his notice of appeal on November 3.
The December 14 corrected sentencing order did not affect the appeal clock as to the issue the defendant raises on appeal. Where an appeal is untimely as to an original order, but timely as to an amended order, the appellate court has jurisdiction only over issues that arise out of the amended aspect of the order. See Wetherington v. Minch, 637 So.2d 967 (Fla. 5th DCA 1994). Here, the sentencing order was amended to correct minimum mandatory terms, a matter unrelated to the defendant’s jury read-back issue. Accordingly, we decline to address the defendant’s argument as to counts 1, 2, and 5. Jones, 78 So.3d at 709.
AFFIRMED.
SAWAYA and LAWSON, JJ„ concur.