**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Craig,* Slip Opinion No. 2020-Ohio-455.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-455

THE STATE OF OHIO, APPELLEE, *v.* CRAIG, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Craig,* Slip Opinion No. 2020-Ohio-455.]**

*Criminal law—Final, appealable order—A conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial—When a criminal defendant is convicted and sentenced on fewer than all counts of a multicount indictment and the state is prevented from retrying the defendant on the remaining counts due to a finding that the defendant is incompetent to stand trial, the incompetency finding operates to sever the charges and the defendant may appeal his conviction and sentence.*

(No. 2018-0146—Submitted March 27, 2019—Decided February 13, 2020.)

APPEAL from the Court of Appeals for Hamilton County, No. C-160816, 2017-Ohio-8962.

_____

**DeWine, J.**

{¶ 1} A jury found Steven Craig guilty on two counts in an indictment and hung on a third count. The judge sentenced him to prison on the two counts on which he was convicted. The third count remains pending. Because of this "hanging charge," the First District Court of Appeals dismissed Craig's appeal for lack of a final, appealable order, thereby preventing him from appealing his convictions.

{¶ 2} Both Craig and the state of Ohio ask this court to hold that a conviction on each count of a multicount indictment is a separate, final order that may be appealed upon an entry of conviction and sentence, even if other counts in the indictment remain pending. Because Ohio's final-order statute does not permit such a result, we decline to do so. But we determine that in this case, the trial court's subsequent finding that Craig was incompetent to stand trial on the pending charge operated as a de facto severance of that count from the counts of conviction. We, therefore, conclude that Craig may appeal his convictions, even though the one charge remains unresolved.

**The proceedings below**

{¶ 3} A grand jury issued an indictment against Steven Craig alleging two counts of felonious assault and one count of rape, all involving the same victim. A jury found Craig guilty of the felonious-assault counts, but it was unable to reach a verdict on the rape count, causing the court to grant a mistrial as to that count. The state indicated that it intended to retry Craig on the rape charge, so that charge was not dismissed. The court entered judgment imposing concurrent seven-year prison sentences on the counts of conviction and remanded Craig to the Department of Rehabilitation and Correction to begin serving his sentences. The judgment entry stated that the rape charge was "still pending and has no new trial date."

{¶ 4} Craig attempted to appeal his convictions, but the First District Court of Appeals dismissed his appeal for lack of jurisdiction. It held that the judgment

2

entry was not a final, appealable order because the rape charge remained pending in the trial court. 2017-Ohio-8962, 101 N.E.3d 650, ¶ 12.

{¶ 5} Back in the trial court, questions arose about Craig's competency. After his appeal of the felonious-assault convictions had been dismissed, the trial court found Craig to be incompetent to stand trial on the remaining rape count. The court ordered Craig to undergo treatment in an attempt to restore him to competency and scheduled the case for a status report one year later. *See* R.C. 2945.38(C)(1)(b). At the status-report hearing, the court concluded that Craig remained incompetent and found by clear and convincing evidence that he committed the offense charged and was a mentally ill person subject to court order. *See* R.C. 2945.39(A)(2). The court therefore retained jurisdiction over Craig and committed him to the Department of Rehabilitation and Correction pending further review of his competency status. As a result, the proceedings on the pending rape charge have been halted indefinitely, and he remains unable to appeal his convictions.

{¶ 6} We accepted Craig's discretionary appeal from the First District's dismissal order. *See* 152 Ohio St.3d 1462, 2018-Ohio-1795, 97 N.E.3d 499. He asks the court to adopt the following proposition of law: "In a criminal action involving a multicount indictment, the trial court's failure to dispose of a count on which the jury fails to reach a verdict does not prevent the judgment of conviction on the other counts from being final and appealable." The state joins in Craig's request for this court to reverse the First District's dismissal of his appeal.

### Craig's appeal is not moot

{¶ 7} During oral argument in this case, a question arose as to whether Craig's subsequent incompetency adjudication on the rape count resolved that count of the indictment, thereby removing the impediment to Craig's ability to appeal his convictions and rendering the issue presented in this appeal moot.

{¶ 8} We conclude that it is not. When a criminal defendant charged with a first- or second-degree felony offense of violence has not been restored to

competency within a one-year period, the trial court may exercise continuing jurisdiction over the defendant if it finds by clear and convincing evidence that the defendant committed the charged offense and that he is a mentally ill person subject to court order. R.C. 2945.39(A)(2). The trial court has opted to retain jurisdiction over Craig in this case. During this time, the court is required to periodically review Craig's competency, *see* R.C. 2945.401(C) and (D), and if the court determines that Craig is capable of understanding the proceedings and assisting in his defense, it "shall order" that Craig is competent to stand trial and that he "shall be proceeded against" on the underlying charge, R.C. 2945.401(J)(2)(a). Thus, Ohio law permits the state to prosecute Craig on the pending rape charge if he is restored to competency at any point prior to the maximum potential incarceration period for that offense—in this case, 11 years. *See id.* The incompetency adjudication did not resolve the rape count and that charge remains pending. We therefore proceed to address the merits of the issue presented.

**Ohio's final-order rule**

{¶ 9} The general rule is that all judgments in a case should be reviewed in a single appeal. *See Anderson v. Richards*, 173 Ohio St. 50, 55, 179 N.E.2d 918 (1962); *Ashtabula v. Pub. Util. Comm.*, 139 Ohio St. 213, 215, 39 N.E.2d 144 (1942). This rule is embodied in the constitutional and statutory provisions establishing the jurisdiction of Ohio's courts of appeals. The Ohio Constitution grants the courts of appeals "such jurisdiction as may be provided by law" to review "judgments or final orders." Ohio Constitution, Article IV, Section 3(B)(2). The "provided by law" part of the constitutional grant is effectuated through the definition of a "final order" contained in R.C. 2505.02(B).

{¶ 10} Although our Constitution and several statutory provisions use the language "judgments or final orders" when describing appellate-court jurisdiction, Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02 and 2953.02; *see also* R.C. 2505.03, this court has never distinguished between judgments and final

orders in determining whether a decision is appealable. Rather, it has consistently said that to be appealable, a decision must meet the requirements set forth in R.C. 2505.02. *See*, *e.g.*, *Supportive Solutions*, *L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10 ("An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction"), citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 9, and *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 6.

{¶ 11} R.C. 2505.02(B)(1) through (7) provides a comprehensive list of "final orders"; conversely, the term "judgment" is not defined in statute. It is perhaps because the legislature has not seen fit to provide a separate definition of "judgment" that this court has used the terms interchangeably for jurisdictional purposes and relied solely upon the statutory definition. *See*, *e.g.*, *State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, 130 N.E.3d 247, ¶ 13 ("When valid, a judgment of conviction is a final order under R.C. 2505.02(B)"); *Chef Italiano Corp. v Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989) (explaining that Civ.R. 54(B) applies when the trial court has issued a "final judgment, pursuant to R.C. 2505.02," with respect to fewer than all of the claims or parties).

{¶ 12} We therefore apply the definitions provided by the General Assembly. The relevant subsection of the jurisdictional statute states that an order is final when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). Important in this case is the meaning of the phrase "determines the action."

{¶ 13} The word "action" has typically been understood to refer to the entire legal proceeding, regardless of how many claims or charges are included in the proceeding. *See*, *e.g.*, *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, ¶ 10 (relying on definitions of "action" found in *Black's Law Dictionary* and

*Webster's New World Dictionary*); *State v. Pippin*, 1st Dist. Hamilton No. C-150061, 2016-Ohio-312, ¶ 6. This understanding is consistent with common parlance. When we say that someone pursued a legal action, we are talking about the entire proceeding, not some discrete part of the proceeding. *See, e.g., A Civil Action* (Touchstone Pictures 1998).

{¶ 14} In keeping with the common meaning of the term "action," we have explicitly said that the "determines the action" language in R.C. 2505.02(B)(1) contemplates a resolution of the "entire action." *In re D.H.*, 152 Ohio St.3d 310, 2018-Ohio-17, 95 N.E.3d 389, ¶ 14; *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 12.

{¶ 15} Moreover, this court has on numerous occasions indicated that all counts of an indictment must be resolved before a judgment entry of conviction may become a final, appealable order. We have granted a peremptory writ of mandamus directing a trial court to issue a final order "disposing of all" charges. *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, ¶ 11 (plurality opinion). Similarly, we have denied requests for writs seeking a new judgment entry, concluding that to be final, a judgment of conviction does not " 'require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings.' " *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 93814, 2010-Ohio-1066, 2010 WL 972808, ¶ 8; *see also State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3.

{¶ 16} We affirmed this principle most recently in *State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227. In that case, the court was confronted with the question whether a judgment of conviction is final and

appealable when other counts in the indictment had been dismissed without prejudice. We recognized that the state's dismissal had terminated those counts for the purposes of the litigation, and we therefore concluded that "[b]ecause the judgment of conviction complied with Crim.R. 32(C) and the dismissed kidnapping counts were resolved, the judgment was a final, appealable order." *Id.* at ¶ 13. Thus, the court held that "any dismissal of a count in an indictment resolves that count and does not prevent a judgment of conviction from being final and appealable." (Emphasis deleted.) *Id.* at ¶ 1.

{¶ 17} In each of those cases, the court could have taken the approach advocated here by the parties and the second concurring justice: the court could have ended the analysis by concluding that the order in each case was final because there was a conviction and sentence and the entry complied with Crim.R. 32(C). Yet, in each instance, the court addressed whether the other counts had been resolved. It was essential to determine whether all of the counts had been resolved because of our rule requiring that the judgment entry determine the entire action. It is no surprise, then, that Ohio's appellate courts have widely concluded—as did the First District in this case—that a defendant may not appeal a conviction on some counts while other counts of an indictment are still pending. *See*, *e.g., State v. Purdin*, 4th Dist. Adams No. 11CA909, 2012-Ohio-752, ¶ 7; *State v. Sherman*, 5th Dist. Richland No. 2011–CA–0012, 2011-Ohio-5794, ¶ 10-13; *State v. Bourdess*, 8th Dist. Cuyahoga No. 70541, 1997 WL 284777, *2 (May 29, 1997); *State v. Clay*, 11th Dist. Trumbull No. 2009-T-0126, 2010-Ohio-4558, ¶ 20.

{¶ 18} In addition to being the most natural reading of the statutory text, there are good policy reasons for the rule that has prevailed until today. Our criminal rules permit multiple offenses to be charged as separate counts in a single indictment "if the offenses charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan,

or are part of a course of criminal conduct." Crim.R. 8(A); *see also* R.C. 2941.04. Thus, multiple counts in a single indictment will necessarily share a common fact pattern.

{¶ 19} Were we to hold that a judgment is final and appealable as soon as any count is resolved, we would be saying not only that a defendant may appeal at that time, but also that the defendant must appeal at that time. This could raise the very real likelihood of seriatim appeals involving the same fact pattern with each appeal addressing fewer than all the issues. *See Goodwin*, 2007-Ohio-2343, at ¶ 11. Not only would such a rule be contrary to principles of sound judicial administration, it would likely create challenging law-of-the-case issues. *See id.* It also may ultimately work to the disadvantage of criminal defendants. Under the rule currently in effect, if there is a hung jury on some charges and there are convictions on others, a prosecutor must ordinarily elect either to retry the defendant on the charges on which the jury failed to reach a verdict or to dismiss those charges. Under the rule suggested by the parties and the second concurring justice, the prosecution would be able to wait and see what happens on appeal before deciding whether to dismiss the pending charges. *Compare United States v. Leichter*, 160 F.3d 33, 35 (1st Cir.1998) ("By urging us to hear this appeal now, the government, at bottom, is attempting to preserve its remaining counts in case of reversal on the first count without being forced to try those counts now").

{¶ 20} The first concurring opinion contends that judgments and final orders are distinct concepts and therefore a judgment may be appealed even if it is not a final order. As explained above, the distinction that the concurring justice attempts to draw has been firmly rejected by our caselaw. Furthermore, it is not at all clear that the distinction between "judgment" and "final order" drawn by the first concurrence makes any difference in this case. A judgment has "historically [been] defined as 'a final determination of the rights of the parties in action.' " Painter and Pollis, *Ohio Appellate Practice*, Section 2:1 (2019), quoting *Priester v.*

*State Foundry Co.*, 172 Ohio St. 28, 30, 173 N.E.2d 136 (1961); *see also Black's Law Dictionary* 1007 (11th Ed.2019) (defining a "judgment" as "[a] court's final determination of the rights and obligations of the parties in a case") and *id.* at 1008 (defining "final judgment" as "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy * * *"). Indeed, the terms "judgment" and "final order" are often considered to be synonymous. "The term *judgment* includes an equitable decree and any order from which an appeal lies." (Italics sic.) *Id.* at 1007. A "final judgment" is "[a]lso termed *final appealable judgment*; *final decision*; *final decree*; * * * *final appealable order*." (Italics sic.) *Id.* at 1008. Thus, even if we were to overturn our prior caselaw and draw the distinction urged by the first concurring opinion, it does not follow that there is a different standard of appealability for judgments as opposed to final orders.

{¶ 21} We adhere to the text of the jurisdictional statute, our precedent, and our general rule disfavoring piecemeal appeals. We therefore answer the proposition of law in the negative and hold that a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial.

**The effect of Craig's incompetency adjudication**

{¶ 22} A new obstacle cropped up after the First District issued its decision in this case: Craig was found to be incompetent to stand trial on the remaining count. Now over a year and a half has passed since Craig was initially found to be incompetent, and there is no guarantee that Craig will ever be restored to competency.

{¶ 23} The potentially endless delay of Craig's appeal has possible due-process implications, *see United States v. Smith*, 94 F.3d 204, 207 (6th Cir.1996), citing *Evitts v. Lucey*, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In most instances, a person who has been convicted on some counts of an indictment while another count remains pending following a mistrial would be protected by

his own constitutional speedy-trial rights. That is, the court would be required to hold a trial on the remaining count within a reasonable time. *See State v. Fanning*, 1 Ohio St.3d 19, 21, 437 N.E.2d 583 (1982). Thus, the defendant would be able to take an appeal within a reasonable time—unless the defendant elected to waive his speedy-trial rights with respect to the new trial, in which case the delay in his ability to appeal would be the result of his own waiver. But here, the trial court has been unable to hold a trial within a reasonable time due to Craig's continued incompetency.

{¶ 24} Crim.R. 14 directs the trial court to grant such relief "as justice requires" when either the defendant or the state is prejudiced by a joinder of offenses in an indictment. Had the trial court at any point severed the counts of conviction from the still-pending charge, Craig would have been able to appeal his convictions separately. This would have been a wise course for the trial court to take under the circumstances, but it did not do so.

{¶ 25} Nonetheless, some federal circuits have taken the approach of treating counts of conviction as effectively having been severed from the counts that remain pending after a mistrial, even when the counts were not formally severed by the trial court. *See*, *e.g.*, *United States v. Abrams*, 137 F.3d 704 (2nd Cir.1998); *United States v. King*, 257 F.3d 1013 (9th Cir.2001). These courts concluded that resolution of some counts of a multicount indictment results in a de facto severance of those counts. *King* at 1020; *Abrams* at 707. Although those courts were not confronted with the precise scenario here, their approach is instructive.

{¶ 26} We apply that approach more narrowly to address the unusual situation presented here: we conclude that the counts of conviction were effectively severed at the time that the state became unable to retry Craig because he had been adjudicated incompetent. It was at that point that it became clear that the court could not bring Craig to trial within a reasonable time. We therefore hold that when

10

a criminal defendant is convicted and sentenced on fewer than all counts of a multicount indictment and the state is prevented from retrying the defendant on the remaining counts due to a finding that the defendant is incompetent to stand trial, the incompetency finding operates to sever the charges and the defendant may appeal his conviction and sentence.

{¶ 27} Under this approach, Craig's convictions and sentence became final when he was first adjudged incompetent. That happened on March 19, 2018, after this appeal was taken. The difficulty that remains is that Craig did not file a notice of appeal within 30 days of that date; rather, he filed his notice of appeal months earlier. Under the limited and unique circumstances presented in this case, we determine that Craig's notice of appeal should be viewed as a premature notice of appeal under App.R. 4(C). Pursuant to App.R. 4(C), a premature notice of appeal is deemed as having been filed immediately after the "entry of the judgment or order that begins the running of the appeal time period"—here, the incompetency adjudication. We therefore treat his appeal as having been filed immediately after the trial court's entry of the incompetency order. Consequently, we reverse the judgment of the First District Court of Appeals and remand the case to that court for it to consider the merits of Craig's appeal.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and TEODOSIO, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

FRENCH, J., concurs in judgment only, with an opinion.

THOMAS A. TEODOSIO, J., of the Ninth District Court of Appeals, sitting for FISCHER, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 28} Since 1894, the United States Supreme Court has held that the United States Constitution does not require states to afford criminal defendants a right to a direct appeal of their convictions. *Evitts v. Lucey*, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894). "Nonetheless, if a State has created appellate courts as 'an integral part of the * * * system for finally adjudicating the guilt or innocence of a defendant,' * * * the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." (First ellipsis sic.) *Evitts* at 393, quoting *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In Ohio, the framers of the Ohio Constitution elected to create a system of appellate courts, Article IV, Section 3(B)(2), Ohio Constitution, and the General Assembly has granted criminal defendants an appeal as of right from "the judgment or final order" in their criminal cases, R.C. 2953.02.

{¶ 29} This case presents a narrow question: when a trial court proceeds to sentence a defendant on some but not all counts of an indictment while at least one other count remains pending because a jury was unable to reach a verdict, is the defendant entitled to appellate review of the convictions and sentences on which the trial court rendered judgment? The majority declares that the text of R.C. 2505.02(B)(1) requires the answer to be "no," but just not in this case.

{¶ 30} I agree that the trial court's judgment entry sentencing appellant, Steven Craig, to prison on two counts of felonious assault is final and permits him to pursue an appeal—notwithstanding the trial court's inability to resolve the third count of the indictment charging him with rape—and therefore concur in the judgment to reverse the dismissal of his appeal by the First District Court of Appeals. I write separately, however, because courts and litigants alike need clear guidance regarding when a judgment of conviction is final and appealable, not a loophole unlikely to apply to other situations than the one in this particular case. A

defendant is entitled to timely appellate review when criminal punishment has been imposed, and the trial court's decision to proceed to sentencing on some but not all counts of the indictment resulted in a judgment of conviction that is final and appealable pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2953.02. Therefore, I concur in judgment only.

**Judgments and Final Orders**

{¶ 31} Article IV, Section 3(B)(2) of the Ohio Constitution establishes the appellate jurisdiction of Ohio's courts of appeals:

> Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, except that courts of appeals shall not have jurisdiction to review on direct appeal a judgment that imposes a sentence of death.

R.C. 2953.02 effectuates this language, providing that in criminal cases, "the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals."

{¶ 32} The Constitution and R.C. 2953.02 differentiate between "judgments" and "final orders," both of which are appealable. For this reason, it is incorrect to consider only whether the entry sentencing Craig to prison is a "final order." "Final orders" are those orders in the case *other than judgments* that are also final for purposes of appeal—by definition, a "final order" is not a judgment. *See, e.g.,* R.C. 2505.02(B)(1) (defining a "final order" to include "[a]n order that affects a substantial right in an action that in effect determines the action and *prevents a judgment*" [emphasis added]). A contrary conclusion would contravene the canons of construction that different language signals a different meaning, that

13

the word "or" ordinarily connects words with separate meanings, and that no part of a law should be rendered superfluous. *See Loughrin v. United States*, 573 U.S. 351, 357-358, 134 S.Ct. 2384, 189 L.Ed.2d 411 (2014); *Kiefer v. State*, 106 Ohio St. 285, 290, 139 N.E. 852 (1922). It would also run counter to our decisions recognizing that final orders are appealable because waiting for a final judgment in certain types of cases would preclude meaningful review. *See, e.g., State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 60 (holding that the granting of a motion to dismiss on double-jeopardy grounds is a "final order" and is appealable without having "to wait for final judgment as to all proceedings in the action"); *State ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 36-37, 460 N.E.2d 1372 (1984) (pointing to a trial court's granting of a motion to suppress as a final order that may be reviewed without awaiting entry of judgment in the case). And as discussed below, in this case, we are reviewing a judgment, not a final order.

{¶ 33} Prior to 2008, we had little difficulty determining whether a court of appeals had jurisdiction to review a criminal case. We had long recognized that the final judgment for purposes of appeal under R.C. 2953.02 is the sentence. *See, e.g. State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 6; *Columbus v. Taylor*, 39 Ohio St.3d 162, 165, 529 N.E.2d 1382 (1988); *State v. Hunt*, 47 Ohio St.2d 170, 174, 351 N.E.2d 106 (1976); *State v. Chamberlain*, 177 Ohio St. 104, 106, 202 N.E.2d 695 (1964); *State v. Thomas*, 175 Ohio St. 563, 564, 197 N.E.2d 197 (1964); *Peter v. Parkinson*, 83 Ohio St. 36, 47, 93 N.E. 197 (1910). In holding that the sentence is a judgment in *Danison*, we clarified that "[t]he sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense." (Citations omitted.) *Danison* at ¶ 6, citing former R.C. 2929.01(FF) (now R.C. 2929.01(EE), 2008 Am.Sub.H.B. No. 130). That is, the judgment is a sentence that has been imposed for an offense upon a finding of guilt.

{¶ 34} In *State v. Saxon*, we held that Ohio's felony-sentencing laws require judges to "consider each offense individually and impose a separate sentence for each offense." 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. We further held that "judge[s] lack[] the authority to consider * * * offenses as a group and to impose only an omnibus sentence for [a] group of offenses." *Id*. Moreover, on appeal, appellate courts must review each sentence individually, *id*. at ¶ 20, and may not "modify or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense," *id*. at ¶ 30.

{¶ 35} An entry imposing a sentence on an offender based on a determination of guilt for an offense is therefore a judgment, often called a judgment of conviction. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12 ("a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty" [emphasis sic]); *State v. Poindexter*, 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (1988) ("[a] 'conviction' includes *both* the guilt determination and the penalty imposition" [emphasis sic]); *see also State ex rel. DeWine v. Burge*, 128 Ohio St.3d 1230, 2011-Ohio-1755, 948 N.E.2d 954, ¶ 10-12 (O'Donnell, J., dissenting).

{¶ 36} These principles are now reflected in Crim.R. 32(C), which states that "[a] judgment of conviction shall set forth the fact of conviction [i.e., the determination of guilt] and the sentence. Multiple judgments of conviction may be addressed in one judgment entry." Notably, the rule refers to "conviction" and "sentence" in the singular, and it permits multiple judgments of conviction to be included in a single sentencing entry in a case. Therefore, in line with the precedent discussed above, Crim.R. 32(C) indicates that a sentence imposed for an offense is a judgment—a judgment of conviction.

{¶ 37} Here, because Craig's sentencing entry is *a judgment*, it is appealable pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2953.02.

Accordingly, there is no need to determine whether this judgment is a "final order" as defined by R.C. 2505.02(B)(1).

{¶ 38} Although the majority contends that the terms "judgment" and "final order" are synonymous, it nonetheless asserts that even if a judgment were something other than a final order, an entry of judgment requires a final determination of all charges in the case to be appealable. But what makes a judgment final and appealable is that it is subject to execution. *See Priester v. State Foundry Co.*, 172 Ohio St. 28, 31, 173 N.E.2d 136 (1961) (indicating that an order that does not provide for execution has none of the effects of a judgment), citing *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 217 (7th Cir.1946) (explaining that a judgment that may be executed is final even though it did not dispose of the entire controversy). In Ohio, a sentence is subject to execution upon its entry. R.C. 2949.08(A).

{¶ 39} This distinction matters. Although the general rule prevents a defendant from appealing any conviction before other charges within the same case have been resolved in order to uphold the policy disfavoring piecemeal review, *Abney v. United States*, 431 U.S. 651, 657, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Flanagan v. United States*, 465 U.S. 259, 263-264, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), that rule is intended only to "prevent defendants *who are not yet subject to judicial control* from prematurely appealing their convictions." (Emphasis added.) *United States v. Ewing*, 494 F.3d 607, 614 (7th Cir.2007).

{¶ 40} The United States Supreme Court has recognized that an accused is entitled to timely appellate review once a sentence has been imposed. *See Korematsu v. United States*, 319 U.S. 432, 434, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943) (holding that an order placing an offender on probation without formally sentencing him was final and appealable, because "certainly when discipline has been imposed, the defendant is entitled to review"); *Corey v. United States*, 375 U.S. 169, 173, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963) (recognizing that the denial of an immediate

16

appeal from the imposition of sentence could "raise constitutional problems of significant proportions"); *Evitts*, 469 U.S. at 405, 105 S.Ct. 830, 83 L.Ed.2d 821 (explaining that due-process concerns arose when a state "had set up a system of appeals as of right but had refused to offer each defendant a fair opportunity to obtain an adjudication on the merits of his appeal"); *see also id.* at 393; *United States v. Muzio*, 757 F.3d 1243, 1250 (11th Cir.2014) ("Notwithstanding the provisional nature of a sentence, if it deprives a defendant of his freedom, it is sufficiently final to support an appeal").

{¶ 41} "A contrary holding, under which [the offender] would begin serving his sentence before obtaining the right to appeal it, would violate fundamental notions of due process." *United States v. King*, 257 F.3d 1013, 1020 (9th Cir.2001); *see also United States v. Smith*, 94 F.3d 204, 207-208 (6th Cir.1996) (explaining that due process includes the right to a speedy appeal). Moreover, it would raise equal-protection concerns for this court to hold that although two offenders were similarly situated—convicted of the same offense, serving the same prison sentence, even sharing the same cell—only one of them had the right to an immediate appeal of the restraint on his or her liberty. *See State v. Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252, 75 N.E.3d 141, ¶ 31 (holding that "a two-track appellate process that discriminates between capital and noncapital offenders" unconstitutionally violates the right to equal protection). And as explained by the United States Supreme Court:

> It would obviously contravene the basic policies of the criminal appellate rules to require a defendant [serving a provisional, nonfinal sentence] to defer his appeal until after he had submitted to the three or six months of incarceration * * *. Such a requirement would not only forestall any opportunity of a prompt appeal from an underlying criminal conviction, but would deprive a

convicted defendant of the substantial right to be enlarged on bail while his appeal was pending.

*Corey* at 173.

{¶ 42} The prevailing view in this country is that a sentence may be reviewed by an appellate court even though other counts from the same indictment remain unresolved. *See, e.g., United States v. Anderson*, 759 F.3d 891, 893 (8th Cir.2014) (holding that the court of appeals had jurisdiction to review a conviction and sentence when the "remaining counts of the indictment [would] be dismissed if the government prevail[ed]" on appeal); *King* at 1020 ("Because the court imposed sentence on counts 24 through 42, King was entitled to appeal the sentence despite the pending charges"); *United States v. Abrams*, 137 F.3d 704, 707 (2d Cir.1998) (holding that the court of appeals had jurisdiction to review the accused's convictions and sentence on three counts even though other counts from the same indictment awaited retrial); *United States v. Leichter*, 160 F.3d 33, 37 (1st Cir.1998) (recognizing that if a sentence is executed, an immediate appeal must be allowed even if other counts remain pending); *Ex parte Kelley*, 246 So.3d 1068, 1074-1076 (Ala.2015) (holding that the court of appeals had jurisdiction to review two of the accused's convictions when the trial court had not entered a judgment of conviction on a third count); *State v. McCave*, 282 Neb. 500, 511, 805 N.W.2d 290 (2011) (holding that convictions on some counts of a multicount complaint are final and appealable even when a mistrial on a remaining count is pending); *State v. Catt*, 2019-NMCA-013, 435 P.3d 1255, ¶ 36 (holding that the entry of a judgment and sentence on less than all counts of a multicount indictment is final and appealable); *Moody v. State*, 108 So.3d 731, 732 (Fla.App.2013) ("Where a sentencing order is rendered on one or more counts, the judgment on those counts is final for purposes of appeal * * * regardless of whether other counts remain pending").

{¶ 43} The majority contends that an accused's right to a speedy trial would normally ensure that a defendant who has a hanging charge will be able to appeal a prison sentence within a reasonable time—unless the defendant waives his or her rights to a speedy trial, in which case the delay in obtaining an appeal would be the defendant's own fault. That view is just a rationalization to justify its decision to deny an appeal when there is a hanging charge, but in any case, it is unpersuasive. First, the right to a speedy trial does not ensure that any pending charge would be *resolved* quickly. Our decision in *State v. Anderson* provides a case study on how a series of mistrials and other delays resulted in a prosecution that had remained unfinished for more than 14 years yet was still subject to another trial. 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790, ¶ 1, 5-15 (plurality opinion). Second, and more fundamentally, the majority's view imposes a no-win choice on such a defendant, conditioning the ability to challenge his or her imprisonment on some charges on relinquishing the right to adequately prepare for and contest the pending charge, which sometimes may require waiving speedy-trial rights. That is inherently unfair. *See Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 22 (holding that a civil-contempt order with a sentence conditioned on the failure to purge the contempt was a final, appealable order, noting that "it is inherently unfair to force a party found in contempt to either comply with a potentially illegal or improper contempt order or submit to a sanction in an effort to obtain appellate review of the order the party seeks to challenge").

{¶ 44} When the trial court imposes sentence in a judgment of conviction, that judgment is final and appealable pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2953.02.

### The Majority's Secondhand Reliance on Crim.R. 32(C)

{¶ 45} The majority contests this reasoning by asserting that "this court has on numerous occasions indicated that all counts of an indictment must be resolved

before a judgment entry of conviction may become a final, appealable order." Majority opinion at ¶ 15. But rather than engaging in statutory construction, those cases relied on *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and its progeny, perpetuating a longstanding error by elevating Crim.R. 32(C), a procedural rule, over the substantive law of this state.

{¶ 46} Article IV, Section 5(B) of the Ohio Constitution empowers this court to promulgate "rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right." The finality of a judgment or other order is controlled by the substantive law of this state and may not be abridged, enlarged, or modified by a court rule—we have held that "a procedural device" such as Civ.R. 54(B)—permitting an appeal in certain circumstances when other claims remain pending—"cannot affect the finality of an order." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989). A procedural rule "will not render an otherwise final order not final." *Id.*; *see also State v. Hughes*, 41 Ohio St.2d 208, 324 N.E.2d 731 (1975), syllabus (holding that the Ohio Rules of Appellate Procedure may not enlarge a statutory right of appeal); *State v. Waller*, 47 Ohio St.2d 52, 351 N.E.2d 195 (1976), paragraph one of the syllabus (invalidating a provision in the Ohio Rules of Criminal Procedure that enlarged a statutory right of appeal).

{¶ 47} But *Baker* and its progeny, including *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, purport to do just that, declaring that a judgment of conviction—*a judgment*—is not a "final order" and therefore not appealable under R.C. 2505.02 unless it "complies" with Crim.R. 32(C). *Baker* at ¶ 10, 19; *accord State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, 130 N.E.3d 247, ¶ 1, 13. Or as this court put it in *Lester*, a judgment of conviction is not final unless it includes "the substantive requirements" of the procedural rule. *Lester* at ¶ 11. However, our constitutional authority to promulgate rules governing

procedure in criminal cases does not extend to establishing *substantive* requirements for finality.

{¶ 48} Because the Rules of Criminal Procedure do not govern the finality of an order or deprive the court of appeals of jurisdiction over an appeal, cases cited by the majority proceeding from the flawed premise that a judgment of conviction is not final and appealable unless it complies with the substantive requirements of Crim.R. 32(C) do little to advance the majority's analysis.

### The Majority Retreats from Its Own Holding

{¶ 49} The majority holds that "a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." Majority opinion at ¶ 21. That seemingly should decide this case—Craig's case still has a count that remains pending after a mistrial, and R.C. 2505.02(B)(1) does not make an order final for purposes of appeal when a party has been declared incompetent to stand trial.

{¶ 50} The majority, however, departs from its statutory-construction analysis to adopt a loophole custom tailored to this case that will rarely (if ever) apply to any other, reasoning that there was a final, appealable order in this case once Craig had been adjudicated incompetent during the pendency of his appeal to this court. Rather than focus on Craig's actual imprisonment, the majority concludes that the hanging charge was "effectively severed" from the resolved counts "at the time that the state became unable to retry Craig because he had been adjudicated incompetent." *Id.* at ¶ 26. Why this renders the case essentially final enough is unclear, because the majority provides neither authority nor reasoning in support of this position, giving no guidance to litigants and courts on where to draw the lines between final and nonfinal orders.

{¶ 51} It was the trial court's decision to proceed to sentencing on the two felonious-assault counts without also resolving the third count that separated the charges here. The trial court itself thought that Craig's sentences were final and

appealable, because it informed Craig that sentencing was "the final act in this case" and notified him of his right to appeal as required by Crim.R. 32(B). No one could have anticipated that Craig's sentences would not become final until approximately 16 months after Craig was sentenced and imprisoned. Our rulings should not promote such a " 'gotcha' principle of law," *People v. Whipple*, 97 N.Y.2d 1, 7, 734 N.Y.S.2d 549, 760 N.E.2d 337 (2001). And because Craig had no notice that his judgment of conviction became final and appealable after the trial court declared him incompetent to stand trial, he did not file a timely notice of appeal when that order was entered. A timely notice of appeal is a jurisdictional prerequisite, *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 12, and "in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21.

{¶ 52} The majority, however, deus ex machina, holds that pursuant to App.R. 4(C), the appeal should be deemed timely filed at the time the trial court declared Craig incompetent to stand trial. The problem with that analysis is apparent. No notice of appeal is pending on the court of appeals' docket, and nothing in the plain language of App.R. 4(C) allows a dismissed appeal to be resurrected like Lazarus.

{¶ 53} App.R. 4(C) provides that "[a] notice of appeal *filed after the announcement of a decision, order, or sentence but before entry of the judgment or order* that begins the running of the appeal time period is treated as filed immediately after the entry." (Emphasis added.) We have explained that App.R. 4(C) applies only when the appeal is from the *oral* announcement of the decision, not when it is from a decision journalized on the record—even if that journalized decision was not a final appealable order. *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-

Ohio-626, 950 N.E.2d 149, ¶ 17. App.R. 4(C) therefore does not apply under the facts of this case in the way the majority is using it, because Craig's notice of appeal in the court of appeals was not from the trial court's oral pronouncement of his incompetency, it was from the judgment of conviction in his criminal case—and that appeal had already been dismissed.

{¶ 54} In the end, the majority's analysis turns on "the limited and unique circumstances presented in this case," majority opinion at ¶ 27, and therefore seems undeniably result-oriented. But although the majority resolves this particular case in Craig's favor, its reasoning will not be so easy to cabin: anytime a defendant appeals from a nonfinal order in a case—for example, the denial of a motion to suppress, *State v. Crawley*, 96 Ohio App.3d 149, 155, 644 N.E.2d 724 (12th Dist.1994)—a court of appeals' dismissal for lack of a final, appealable order is never itself final, because under the majority's analysis, App.R. 4(C) requires the appeal to be automatically reinstated after the entry of judgment.

## Conclusion

{¶ 55} The trial court's decision to proceed to sentencing on some but not all counts of the indictment resulted in a judgment of conviction that is final and appealable pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2953.02. This conclusion is required by the text of these provisions, but it is also supported by the prevailing view in this country that a defendant is entitled to timely appellate review when criminal punishment has been imposed and that rules adopted to promote judicial economy do not trump a criminal defendant's liberty interest in contesting the validity of his or her conviction and sentence. A contrary holding would mean that a defendant's sentence is final enough to imprison him but not final enough for appellate review. And even now, Craig has served more than three years of his prison sentence without having had a fair opportunity to challenge the validity of his confinement. Because the Ohio Constitution, the enactments of the General Assembly, and due process require that Craig be given

that opportunity, I concur in the court's judgment reversing the dismissal of his appeal.

_____

**FRENCH, J., concurring in judgment only.**

{¶ 56} Appellant, Steven Allen Craig, is serving concurrent seven-year prison sentences for his convictions on two counts of felonious assault, but the First District Court of Appeals dismissed his appeal from those convictions for lack of a final, appealable order because the jury that heard Craig's case could not reach a verdict on a third charge, which remains pending. Craig has served more than three years of his sentence without the opportunity to challenge his convictions.

{¶ 57} We accepted this discretionary appeal, 152 Ohio St.3d 1462, 2018-Ohio-1795, 97 N.E.3d 499, to consider whether a judgment of conviction on some, but not all, counts in an indictment following a jury trial constitutes a final, appealable order as to the counts of conviction when the trial court has not disposed of one or more of the remaining counts on which the jury failed to reach a verdict. The majority answers that question in the negative but nevertheless holds that Craig may appeal his convictions based solely on the unique facts of this case. Here, after the First District dismissed Craig's appeal, the trial court determined that Craig is incompetent to stand trial on the pending charge. The majority concludes that the incompetency finding, which it concedes did not resolve the pending charge, operated as a de facto severance of the pending charge and transformed Craig's judgment of conviction into a final, appealable order. It therefore reverses the First District's judgment and remands for the court of appeals to consider the merits of Craig's appeal.

{¶ 58} I agree with the majority's conclusion that the issue presented in this appeal is not moot, and I concur in the judgment reversing the First District's dismissal of Craig's appeal. But I disagree with the majority's analysis and answer to the question we accepted for review; I conclude that Craig's judgment of

conviction on two counts of felonious assault was immediately appealable, despite the pending charge upon which the trial court declared a mistrial and without regard to the trial court's subsequent finding that Craig is incompetent to stand trial on the pending charge. I therefore concur in judgment only.

{¶ 59} In a criminal case, an Ohio court of appeals has jurisdiction to review "the judgment or final order" of an inferior court within its district. R.C. 2953.02; *see also* Article IV, Section 3(B)(2), Ohio Constitution (Ohio courts of appeals have jurisdiction "as may be provided by law to review and affirm, modify, or reverse judgments or final orders of" inferior courts within their districts); R.C. 2501.02 (courts of appeals "shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders"). R.C. 2505.02(B) defines "final order." The General Assembly has not, however, defined "judgment" for purposes of appellate jurisdiction.

{¶ 60} The majority opinion accurately states that Ohio courts have generally looked to the definition of "final order" in R.C. 2505.02(B) to determine whether a trial court's decision is appealable. *See, e.g., State v. Muncie*, 91 Ohio St.3d 440, 444, 452, 746 N.E.2d 1092 (2001) (holding that a forced-medication order was a final order under R.C. 2505.02(B)(4)); *State ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 36, 37, 460 N.E.2d 1372 (1984) (holding that the granting of a motion for a polygraph test at state expense in a criminal case was a final order under R.C 2505.02(B)). The majority therefore considers whether Craig's conviction and sentence on the two counts of felonious assault satisfy the applicable definition of "final order" in R.C. 2505.02(B)(1): "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment." I would approach the question the same way, but I would conclude that Craig's judgment of conviction for felonious assault qualifies as a final order under R.C. 2505.02(B)(1) and was therefore appealable.

**{¶ 61}** We have held, "Undoubtedly, a judgment of conviction qualifies as an order that 'affects a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 9; *see also State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, 130 N.E.3d 247, ¶ 13 ("When valid, a judgment of conviction is a final order under R.C. 2505.02(B)"). Crim.R. 32(C), which sets out the requirements for a valid judgment of conviction, states, "A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

**{¶ 62}** The majority holds that a judgment of conviction that resolves all counts for which the defendant was found guilty but does not resolve all counts of the indictment is not a final order under R.C. 2505.02(B)(1) because it does not "determine[] the action." I respectfully disagree.

**{¶ 63}** We have long recognized that the final judgment for purposes of appeal under R.C. 2953.02 is the imposition of sentence for an offense upon a finding of guilt. *See State v. Chamberlain*, 177 Ohio St. 104, 106, 202 N.E.2d 695 (1964), quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937) (" 'Final judgment in a criminal case means sentence. The sentence is the judgment' "); *State v. Hunt*, 47 Ohio St.2d 170, 174, 351 N.E.2d 106 (1976). And under Ohio law, sentencing is offense-specific; "a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. Consistent with the offense-specific nature of Ohio's sentencing laws, Crim.R. 32(C) reflects an understanding that a single indictment may result in multiple judgments of conviction by stating, "Multiple judgments of conviction may be addressed in one judgment entry."

{¶ 64} We have held that a valid judgment of conviction "requires a full resolution of any counts for which there were convictions." *State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, ¶ 11, citing *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2, and *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3. We have stated, however, that a judgment of conviction does not require reiteration of counts and specifications for which there were no convictions but which were resolved in other ways. *Davis* at ¶ 2; *see also McGinty* at ¶ 3 ("the sentencing entry did not need to include the dispositions of the counts that Rose was originally charged with but that were not the basis for his convictions and sentence"). And despite our references in several cases to counts and specifications that *were resolved* other than through conviction but were not reiterated in the judgment of conviction, *Jackson* at ¶ 11, citing *Davis* at ¶ 2 and *McGinty* at ¶ 3, that was simply the procedural scenario before us in those cases.

{¶ 65} We have never held that a judgment of conviction that satisfies Crim.R. 32(C) following a jury trial is rendered not final because other counts that did not result in convictions remain pending. The closest we have come is *Jackson*, but *Jackson* did not involve counts that remained pending. In *Jackson*, as here, a jury found the defendant guilty of some offenses but could not reach a verdict on others. The trial court sentenced the defendant on the offenses of conviction and declared a mistrial on the remaining counts. But unlike in this case, the trial court in *Jackson* dismissed without prejudice the counts on which the jury could not agree. We held that "a judgment of conviction is a final, appealable order if it complies with Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14." *Jackson* at ¶ 9. We did not, however, reach the question now before us—whether resolution of every indicted count was required—because the trial court's dismissal of those counts upon which the defendant had not been convicted resolved those counts, even though the dismissal

was without prejudice. We reasoned that a contrary decision regarding finality would "effectively stay appellate review of Jackson's judgment of conviction and [sentence] until the state either sought a new indictment or the * * * statute of limitations for the dismissed * * * counts expired," while "Jackson would stand as a convicted felon with all of the disabilities that flow from that status and with no means to exercise his right to an appeal." *Id.* at ¶ 15.

{¶ 66} In practical terms, a holding that Craig's judgment of conviction for felonious assault is a final order goes no further than our holding in *Jackson*, in which the dismissal without prejudice of the mistried charges left open the state's authority to reindict and prosecute the defendant on the dismissed counts. Except for the need for reindictment, a defendant faces the same exposure when one or more mistried counts have not been dismissed. We reasoned in *Jackson* that to find no final, appealable order as to the counts of conviction following a dismissal of other counts without prejudice could "empower the state to delay or deny a convicted person's opportunity to be heard on appeal." *Id.* at ¶ 14. The same reasoning applies here. And it is not only the state's action that may delay or deny a convicted person's opportunity to be heard on appeal; here, if Craig remains incompetent to stand trial for the entire period that the trial court could retain jurisdiction pursuant to R.C. 2945.401(J)(1)(b) over the still-pending charge, Craig may complete his sentences without ever having the ability to exercise his right to appeal.

{¶ 67} A finding of finality here is consistent with decisions of several federal courts of appeals. A prime example is *United States v. Abrams*, 137 F.3d 704 (2d Cir.1998). In that case, the trial court sentenced the defendant on three counts and declared a mistrial as to ten remaining counts on which the jury could not reach a verdict. Discussing its appellate jurisdiction, the Second Circuit cited precedent holding that a criminal judgment is final when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce what

has been determined. *Id.* at 707, citing *Berman*, 302 U.S. at 212-213, 58 S.Ct. 164, 82 L.Ed. 204. The court stated, "Although the litigation as framed in the indictment may not yet have run its course, the counts of conviction have been resolved and the sentence is ready for execution. The unresolved counts have in effect been severed, and will be resolved another time in a separate judgment." *Id.*; *see also United States v. Anderson*, 759 F.3d 891, 893 (8th Cir.2014) (appellate court had jurisdiction over defendant's conviction on one count of a multicount indictment when judgment entry stated that government would dismiss remaining counts if it prevailed on appeal), citing *Abrams* at 707. The Second Circuit reasoned that its approach—that a judgment of conviction and sentence "on less than all counts of an indictment when other counts tried in the same trial remained unresolved after a mistrial" is a final order—"is faithful to the articulation by Congress and the Supreme Court as to the nature of a final judgment in criminal proceedings." *Abrams* at 707.

{¶ 68} The Ninth Circuit has similarly held that a conviction and sentence on a subset of charges effectively severs a multicount indictment and that an immediate appeal is available as to the counts of conviction. *United States v. King*, 257 F.3d 1013, 1020 (9th Cir.2001). The court reasoned that a contrary holding, which would require the defendant to begin serving his sentence before obtaining the right to appeal, would violate due process. *Id.* "[T]he court's interest in ensuring a defendant has the right to appeal a sentence when he begins serving it outweighs the government's concerns about piecemeal appellate review." *Id.* at 1021.

{¶ 69} Although some federal courts of appeals have held that they lacked jurisdiction to hear an appeal from convictions on some counts of a multicount indictment when other charges remained pending, those cases are distinguishable. For example, the Eleventh Circuit held that it lacked jurisdiction over an appeal when the trial court had not sentenced the defendant on all counts to which he

pleaded guilty. *In re United States*, 898 F.2d 1485, 1487 (11th Cir.1990). That case is fundamentally different from this case because the judgment entry did not fully resolve the counts of conviction. Similarly distinguishable are cases from the First and Seventh Circuits that found no final order after the trial courts had suspended execution of the defendants' sentences pending resolution of mistried counts. *See United States v. Leichter*, 160 F.3d 33, 36-37 (1st Cir.1998); *United States v. Kaufmann*, 951 F.2d 793, 794-795 (7th Cir.1992). In *Leichter*, the First Circuit stated:

> "The insistence on final disposition of all counts * * * is reasonable unless an attempt is made to enforce the sentence on the counts that have been finally resolved." 15B Wright, Miller, Cooper, *Federal Practice and Procedure* § 3918.7, at 537 (2d ed.1992). Otherwise, "[i]mmediate appeal must be allowed before a partial sentence can be executed." *Id.*

*Leichter* at 37. And in *Kaufmann*, the Seventh Circuit stated that a sentence on one count "*cannot be executed * * ** until there is a final judgment on all counts," noting that "[i]t would be particularly unfair to subject a defendant to imprisonment or other punishment without any right to appeal." (Emphasis added.) *Kaufmann* at 795.

{¶ 70} I would adopt the rationale of those federal courts that hold that following a jury trial on a multicount indictment, a judgment of conviction on those counts upon which the jury returned a guilty verdict severs the offenses of conviction from other counts, upon which the jury could not reach a verdict, and that the pendency of the remaining charges does not affect the finality of the judgment of conviction. So, even if in this context R.C. 2505.02(B)(1)'s requirement that a final order "determine[] the action" requires the resolution of all

charges in the indictment, the judgment of conviction on the counts of conviction would satisfy that requirement upon the recognition that the unresolved charges must be regarded as severed to protect the defendant's due-process rights.

{¶ 71} Should it choose to do so, the General Assembly could address the question of finality presented here by enacting a statute. But presently, there is no provision in the Revised Code that authorizes a procedure for appellate review in criminal cases that does not focus on simply whether there is a "judgment or final order," R.C. 2953.02. And pursuant to our precedent, a "judgment of conviction" as defined by Crim.R. 32(C) is a "final order."

{¶ 72} The trial court issued valid judgments of conviction as to the felonious-assault charges upon which the jury found Craig guilty when the trial court sentenced him and complied with Crim.R. 32(C). The sentencing entry reflected the fact of Craig's convictions and the sentences imposed. It also contained the judge's signature and a time stamp indicating the clerk's entry of that judgment upon the journal. Those judgments of conviction are "final orders" under R.C. 2505.02(B)(1) and are appealable. The trial court's failure to dispose of the count on which the jury could not reach a verdict does not prevent the valid judgments of conviction from being final and appealable orders as to the offenses of conviction.

{¶ 73} For these reasons, I concur in judgment only.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Raymond T. Faller, Hamilton County Public Defender, and David Hoffmann, Assistant Public Defender, for appellant.

_____