[Cite as *State v. Wolfe*, 2018-Ohio-1952.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27785 |
| | : | |
| v. | : | T.C. NO. 1993-CR-556 |
| | : | |
| JAVALEN WOLFE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 18th day of May, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH HUTNIK, Atty. Reg. No. 95900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee


JAVALEN WOLFE, #287364, Madison Correctional Institute, P.O. BOX 740, London, Ohio 43140
        Defendant-Appellant, Pro se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Javalen Wolfe, pro se, appeals from a decision of the Montgomery County Court of Common Pleas overruling his Motion to Dismiss on Double Jeopardy Grounds. On October 26, 2017, Wolfe filed a timely notice of appeal with this Court.

{¶ 2} We set forth the history of the case in *State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016–Ohio–4897, and repeat it herein in pertinent part:

> On October 6, 1993, the Montgomery County Grand Jury returned an indictment charging Wolfe with one count of aggravated murder in violation of R.C. 2903.01(B), one count of aggravated robbery in violation of R.C. 2911.01(A)(1), and two firearm specifications. The charges stemmed from the February 7, 1993 shooting death of Todd Grills. Wolfe pled not guilty to the charges and the matter went to a jury trial. Wolfe's first trial ended in a hung jury, whereas his second trial resulted in his conviction for the lesser-included offense of murder with a firearm specification. The aggravated robbery charge was dismissed at the request of the State by an entry of nolle prosequi dated January 20, 1994. The entry was subsequently journalized on January 31, 1994.
>
> Immediately following trial, the trial court sentenced Wolfe to serve an indefinite prison term of 15 years to life for murder that was to be served consecutive to a three-year prison sentence for the attendant firearm specification. On January 25, 1994, the trial court issued a judgment entry reflecting that sentence. The entry also ordered Wolfe to pay court costs

and awarded him jail-time credit, but left blank the amount of court costs to be imposed and the days of jail-time credit to be awarded.

Wolfe subsequently filed a direct appeal from his conviction and sentence, which we affirmed in *State v. Wolfe*, 2d Dist. Montgomery No. 14420, 1995 WL 140717 (Mar. 29, 1995). Nearly 20 years later, on June 4, 2014, Wolfe filed a pro se Motion to Re-hear and Correct Termination Entry, wherein he argued that the January 25, 1994 termination entry journalizing his conviction and sentence was defective. The trial court overruled the motion and Wolfe appealed from that decision. Upon review, we held that the trial court should have corrected the judgment entry to include, among other things, the amount of court costs imposed and a jail-time credit of 284 days. *See State v. Wolfe*, 2d Dist. Montgomery No. 26313, 2015–Ohio–1585, ¶ 1, 7. We also held that the judgment entry should be corrected to reflect that the aggravated robbery charge was dismissed by nolle prosequi. *Id.* at ¶ 1, 9. Accordingly, we reversed the trial court's decision overruling Wolfe's Motion to Re–Hear and Correct Termination Entry and remanded the matter for further proceedings consistent with our opinion. *Id.* at ¶ 1, 10.

*Id.* at ¶¶ 2, 3, and 4.

**{¶ 3}** While his second appeal was pending, Wolfe filed a pro se Motion to Correct Clerical Mistake, wherein he argued that there was no final appealable order with respect to his conviction because the trial court failed to journalize the jury's verdict. *Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016–Ohio–4897, at ¶ 5. On May 21,

2015, the trial court issued a nunc pro tunc termination entry, which made the corrections that we ordered on remand. *Id.* at ¶ 6. Thereafter, on September 22, 2015, Wolfe filed a pro se Motion to Record the Verdict wherein he argued that the verdict was not properly journalized, the trial court improperly journalized an acquittal for aggravated murder, the trial court erred in permitting the jury to consider the lesser-included offense of murder, and the evidence adduced at trial did not support his murder conviction. *Id.* at ¶¶ 22, 23. The trial court overruled the motion, and Wolfe appealed. We consolidated Wolfe's appeals and overruled all off his assignments of error, thereby affirming the judgment of the trial court. *Id.* at ¶ 25.

{¶ 4} On August 15, 2017, Wolfe filed a Motion to Dismiss on Double Jeopardy Grounds. In his motion, Wolfe made the following arguments, to wit: 1) after his initial indictment for aggravated murder was dismissed, he was never re-indicted but was convicted for the same murder; 2) the trial court did not have the jurisdiction to convict him on the lesser included offense of murder. The trial court overruled Wolfe's motion in a decision issued on September 26, 2017, finding that the arguments he raised were barred by res judicata.

{¶ 5} It is from this judgment that Wolfe now appeals.

{¶ 6} Wolfe's sole assignment of error is as follows:

{¶ 7} "TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION ON ISSUE OF DOUBLE JEOPARDY WITHOUT ENTERTAINING THE ARGUMENT OF THE DOUUBLE JEOPARDY THAT WAS PRESENTED."

{¶ 8} In his sole assignment, Wolfe contends that the trial court erred when it

denied his Motion to Dismiss on Double Jeopardy Grounds, finding that his arguments were barred by the doctrine of res judicata. Initially, we note that in the direct appeal of his conviction and sentence for murder, Wolfe presented an assignment of error asserting a violation of the Double Jeopardy provisions of the United States Constitution and the Ohio Constitution. *Wolfe*, 2d Dist. Montgomery No. 14420, 1995 WL 140717, *1, 2 (Mar. 29, 1995). As previously stated, we overruled all of Wolfe's assignments of error, including his argument relating to Double Jeopardy, and affirmed the judgment of the trial court. *Id.* at *9.

{¶ 9} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Accordingly, Wolfe's double jeopardy argument is barred by the doctrine of res judicata.

{¶ 10} Wolfe also argues that the trial court lacked jurisdiction to convict him of murder. Again, Wolfe raised the same issue in a previous appeal, and we held that his claim was barred by res judicata. *See Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016–Ohio–4897, at ¶ 23. Thus, any argument regarding the trial court's jurisdiction to convict Wolfe of murder is barred herein, as well. Because both of Wolfe's arguments are barred by res judicata, the trial court did not err when it overruled his Motion to Dismiss on Double Jeopardy Grounds without considering the merits of the motion.

{¶ 11} Wolfe's sole assignment of error is overruled.

{¶ 12} Wolfe's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies mailed to:

Sarah Hutnik
Javalen Wolfe
Hon. Dennis J. Adkins