[Cite as *State v. Wolfe*, 2022-Ohio-215.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29189 |
| | : | |
| v. | : | Trial Court Case No. 1993-CR-556 |
| | : | |
| JAVELEN L. WOLFE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of January, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
 Attorney for Plaintiff-Appellee

JAVELEN L. WOLFE, Inmate No. A287-364, Belmont Correctional Institution, P.O. Box 540, St. Clairsville, Ohio 43950
 Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Javelen L. Wolfe, appeals pro se from the trial court's denial of his post-conviction motion, which asked the court to order the State to retry or dismiss aggravated murder and aggravated robbery charges against him.

{¶ 2} Wolfe argues that his second jury trial resulted in a hung jury because the jurors did not agree that he had committed aggravated murder and instead convicted him of the lesser included offense of murder. Wolfe therefore contends that the State is required to either dismiss the aggravated murder and aggravated robbery charges or retry him on the charges, and that the trial court abused its discretion in failing to order the State to do so.

{¶ 3} We disagree, because a finding of guilt on a lesser included offense operates as an acquittal of the greater offense. Wolfe therefore was acquitted of the aggravated murder charge when he was convicted of the lesser included offense of murder. The aggravated robbery charge was dismissed. As a result, all charges in the case were resolved when Wolfe was originally convicted many years ago. Wolfe also has had many prior opportunities to be heard and has previously raised this issue. Thus, Wolfe's motion was barred by res judicata, and the trial court correctly denied the motion. Accordingly, the judgment of the trial court will be affirmed.


I.   Facts and Course of Proceedings

{¶ 4} In 1993, Wolfe was charged with aggravated robbery and aggravated murder in connection with the February 1993 murder of Todd Grills in Dayton, Ohio. Our initial opinion indicated that Wolfe's first trial ended in a hung jury. We also said that during a

second trial, the jury acquitted Wolfe on the aggravated robbery charge but convicted him of murder, which was a lesser included offense of aggravated murder.[1]   The trial court sentenced Wolfe to an indefinite term of 15 years to life in prison, plus three additional years for a firearm specification.   *See State v. Wolfe*, 2d Dist. Montgomery No. 14420, 1995 WL 140717, *1 (Mar. 29, 1995) ("*Wolfe I*").   We affirmed Wolfe's conviction, and Wolfe did not then appeal to the Supreme Court of Ohio.   *Id.*; *see also Wolfe v. Warden*, S.D.Ohio No. 3:09cv442, 2010 WL 552130, *1 (Feb. 16, 2010) (noting, when dismissing petition for habeas relief, that Wolfe failed to appeal from our judgment in *Wolfe I*).

{¶ 5} After his conviction for murder, Wolfe filed various post-conviction motions and petitions, including the petition for federal habeas relief.   In addition to that petition, Wolfe filed a post-conviction petition in the trial court and dismissed it on his own motion. He then filed a second petition in the trial court in 1999, which was dismissed as untimely. In 2008, Wolfe filed a third post-conviction petition in the trial court, which was also dismissed as untimely.   We affirmed the third dismissal in 2009.   *See State v. Wolfe*, 2d Dist. Montgomery No. 23232, 2009-Ohio-3045, ¶ 2 ("*Wolfe II*").   This time, Wolfe appealed to the Supreme Court of Ohio, which declined review on November 4, 2009. *State v. Wolfe*, 123 Ohio St.3d 1471, 2009-Ohio-5704, 915 N.E.2d 1254.

{¶ 6} In a subsequent appeal, Wolfe succeeded on a few minor clerical points. Concerning that appeal, we held as follows:

> The State concedes, and we agree, that the trial court should have
>
> corrected the judgment entry by reflecting therein that Wolfe was convicted

---

[1]  As will become evident, the statement about acquittal on the aggravated robbery charge was incorrect, as the State dismissed that charge.

after a jury trial, by including the amount of court costs awarded, by including reference to the statutory numerical section corresponding to Wolfe's Murder conviction, and by including a jail-time credit of 284 days. The judgment should also be corrected to reflect that one of the charges in the indictment was dismissed by nolle prosequi. Accordingly, the order is Reversed, and this cause is Remanded for further proceedings.

*State v. Wolfe*, 2d Dist. Montgomery No. 26313, 2015-Ohio-1585, ¶ 1 ("*Wolfe III*").

{¶ 7} The trial court made those changes in a May 21, 2015 nunc pro tunc entry. *See State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016-Ohio-4897, ¶ 6 ("*Wolfe IV*"). In *Wolfe IV*, we considered and rejected three appeals that Wolfe had filed from the following post-conviction decisions: (1) denial of a motion to correct a clerical mistake (Case No. 26681); (2) the nunc pro tunc May 21, 2015 decision following our remand in *Wolfe III* (Case No. 26729); and (3) denial of a motion to record the verdict (Case No. 26983). *Id.* at ¶ 5-7. Wolfe then appealed our judgment in *Wolfe IV* to the Supreme Court of Ohio, which declined review on November 23, 2016. *See State v. Wolfe*, 147 Ohio St.3d 1446, 2016-Ohio-7854, 63 N.E.3d 1215.

{¶ 8} In yet another post-conviction filing in the trial court, Wolfe filed a motion to dismiss based on double jeopardy on August 15, 2017. *State v. Wolfe*, 2d Dist. Montgomery No. 27785, 2018-Ohio-1952, ¶ 4 ("*Wolfe V*"). In that motion, Wolfe argued that: "(1) after his initial indictment for aggravated murder was dismissed, he was never re-indicted but was convicted for the same murder; [and] (2) the trial court did not have the jurisdiction to convict him on the lesser included offense of murder." *Id.* After the trial court found Wolfe's arguments barred by res judicata, Wolfe once more appealed,

and we again affirmed the trial court. *Id.* at ¶ 12. Wolfe did not appeal from this judgment to the Supreme Court of Ohio.

{¶ 9} The current case involves an April 23, 2021 post-conviction motion that Wolfe filed in the trial court. This time, Wolfe argued that the State was required to retry him on the aggravated murder and aggravated robbery charges or dismiss the charges because the jury had not been able to find him guilty of aggravated murder. Wolfe insisted that there was no final appealable order, even though the jury found him guilty of murder, and even though the aggravated robbery charge had been dismissed. The trial court found that res judicata applied and overruled Wolfe's motion. Decision, Order, And Entry Overruling Motion to Order Prosecution to Retry or Dismiss Indicted Aggravated Murder And Aggravated Robbery Charges Against Defendant (June 8, 2021). Wolfe then appealed to our court on July 9, 2021.

## II. Alleged Abuse of Discretion

{¶ 10} Wolfe's sole assignment of error states that:

The Trial Court Abused Its Discretion by Refusing to Order Prosecution to Dismiss or Retry Indicted Charge of Aggravated Murder Stemming From a Hung Jury.

{¶ 11} Wolfe appears to be arguing that his second jury trial resulted in a hung jury because the jurors did not agree that he had committed aggravated murder and instead convicted him of a lesser included offense. Wolfe therefore contends that the State must either dismiss the aggravated murder charge or retry him on that charge, and that the trial court abused its discretion in failing to order the State to do so.

{¶ 12} Generally, Ohio courts uphold post-conviction decisions in criminal cases unless there has been an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable." *State v. Anderson*, 10th Dist. Franklin No. 17AP-53, 2017-Ohio-5609, ¶ 7, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). However, where an issue of law is involved, as it is here, our review is de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24 (subject matter jurisdiction); *State v. Wharton*, 2015-Ohio-4566, 48 N.E.3d 123, ¶ 9 (9th Dist.) (timeliness and res judicata). In de novo review, we independently review a trial court's decision and accord no deference to it. *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶ 13} In support of his assignment of error, Wolfe relies on *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574. The part of *Craig* that Wolfe cites states that " 'if there is a hung jury on some charges and there are convictions on others, a prosecutor must ordinarily elect either to retry the defendant on the charges on which the jury failed to reach a verdict or to dismiss those charges.' " Appellant's Brief, p. 3, quoting *Craig* at ¶ 19.

{¶ 14} In response, the State notes that Wolfe is confused about the ramifications of the verdict. Specifically, the State contends that the dismissal of the aggravated robbery charge and conviction on the lesser included murder charge resolved all matters alleged in the indictment. State's Brief, p. 4. The State also stresses that we previously explained this to Wolfe in *Wolfe IV*, 2d Dist. Montgomery Nos. 26681, 26729, 26983,

2016-Ohio-4897, at ¶ 22  *Id.*[2]

{¶ **15**} We agree with the State.   In *Wolfe IV*, we stated that:

Wolfe also argues that the trial court's decisions overruling his Motion to Correct Clerical Mistake and Motion to Record the Verdict improperly state that he was acquitted for aggravated murder and that the trial court improperly journalized an acquittal for aggravated murder when in actuality, the jury could not reach a verdict on that charge and instead convicted him of the lesser-included offense of murder.   We first note that the record does not indicate that the trial court journalized an acquittal for aggravated murder.   However, even if it had, *the Supreme Court of Ohio and the United States Supreme Court have both noted that a finding of guilt on lesser-included offenses operates as an acquittal of the greater offenses.   See, e.g., State v. Edmondson*, 92 Ohio St.3d 393, 395-396, 750 N.E.2d 587 (2001) ("the trial court's finding of guilt on the lesser-included offenses operated as an acquittal of the greater offenses"); *Green v. United States*, 355 U.S. 184, 190, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) (finding that a "great majority of cases in this country" have regarded a conviction of the lesser included offense as "an implicit acquittal" of the greater included offense). Therefore, we fail to see any error, as the jury's finding of guilt on the lesser-included offense of murder implicitly acquitted Wolfe of the aggravated murder charge.

---

[2] In its brief, the State refers to that case as "*Wolfe III*."   State's Brief at p. 4.   However, we have labeled the case in question as *Wolfe IV*, since it was actually the fourth appeal to our court.

(Emphasis added.) *Wolfe IV*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016-Ohio-4897, at ¶ 22.

{¶ 16} Thus, as the State suggests, Wolfe's conviction for murder was an implicit acquittal on the aggravated murder charge, and there is no need to either dismiss the aggravated murder charge or retry it. And, as noted, the aggravated robbery charge has already been resolved.

{¶ 17} After *Edmondson*, the Supreme Court of Ohio has not changed its interpretation. *E.g., State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 21, citing *Edmondson* at 395 ("a conviction for a lesser included offense bars prosecution for a greater offense. '[D]ouble-jeopardy principles barred the state from pursuing the grand theft charges because the trial court's finding of guilt on the lesser-included offenses operated as an acquittal of the greater offenses.' ").

{¶ 18} Likewise, there is no indication that the interpretation of *Green* has changed. *E.g., Blueford v. Arkansas*, 566 U.S. 599, 132 S.Ct. 2044, 182 L.Ed.2d 937 (2012). In *Blueford*, the court held that a foreperson's report about the jury's position on potential verdicts was not final and did not preclude the defendant's retrial. The court contrasted this with *Green*, where the jury's decision to convict on a lesser included offense was a final decision and prevented retrial on the greater offense. *Id.* at 607-608.

{¶ 19} Furthermore, *Craig* is simply not pertinent here. In *Craig*, the defendant was convicted on two counts of felonious assault, and the jury was hung on the remaining rape charge, which remained pending. *Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, at ¶ 1. Despite this fact, the judge sentenced the defendant on the two charges. The defendant then appealed. After the court of appeals dismissed the

appeal for lack of a final appealable order, the defendant further appealed to the Supreme Court of Ohio. *Id.*

{¶ 20} In deciding the case, the court rejected the State's argument that a judgment on each count of a multiple-count indictment is a separate final order that can be appealed. *Id.* at ¶ 2. However, due to the case's unique circumstances, the court held that "the trial court's subsequent finding that Craig was incompetent to stand trial on the pending charge operated as a de facto severance of that count from the counts of conviction." *Id.* The court therefore concluded that the defendant could appeal the other convictions, even though the rape charge remained unresolved. *Id.*

{¶ 21} During its discussion, the Supreme Court of Ohio did make the statement that Wolfe cites in his brief. At that point, the court noted the general rule, which requires all counts to be decided before appeal is allowed. *Id.* at ¶ 19. Thus, where a jury convicts on some counts, but is hung on others, the State must dismiss or retry the remaining counts before the defendant can appeal. *Id.* This is to prevent piecemeal appeals that involve the same set of facts. *Id.* at ¶ 18-19. It also prevents defendants from being forced to appeal whenever any particular count is resolved, even if others remain pending. *Id.* at ¶ 19.

{¶ 22} However, that is a far different issue than allowing conviction on a lesser included charge to resolve (and result in) acquittal on the greater charge. *Craig* has no bearing on this point. Instead, we are guided by *Edmondson* and *Green*. Accordingly, we agree with the State that the trial court did not err in denying Wolfe's motion. Clearly, Wolfe's motion was barred by res judicata, as we have previously discussed this issue.

{¶ 23} "Under the doctrine of res judicata, a final judgment of conviction bars a

convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue.   In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard."   *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18, citing *State ex rel. Willys–Overland Co. v. Clark*, 112 Ohio St. 263, 268, 147 N.E. 33 (1925).

**{¶ 24}** The history of the case before us reveals that Wolfe has had many opportunities to be heard, and, in fact, has previously been heard on the issue before us. Accordingly, the trial court did not err in finding Wolfe's motion barred by res judicata. Wolfe's sole assignment of error is overruled.

### III.   Conclusion

**{¶ 25}** Wolfe's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Javelen L. Wolfe
Hon. Dennis J. Adkins