[Cite as *State v. Wolfe*, 2023-Ohio-4001.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29857 |
| | : | |
| v. | : | Trial Court Case No. 1993 CR 00556 |
| | : | |
| JAVALEN L. WOLFE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 3, 2023

. . . . . . . . . . .

JAVALEN L. WOLFE, Pro Se Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Javalen L. Wolfe appeals from the trial court's order overruling his motion for resentencing and motion to enter a dilatory plea. For the reasons outlined below, we affirm the judgment of the trial court.

**I.      Facts and Procedural History**

{¶ 2} In October 1993, Wolfe was indicted on one count of aggravated murder, one count of aggravated robbery, and two firearm specifications. The charges against Wolfe

stemmed from the February 7, 1993, shooting death of Todd Grills. Wolfe pled not guilty to the charges, and the matter proceeded to a jury trial. Wolfe's first trial ended in a hung jury, but his second trial resulted in his conviction on a lesser-included offense of murder with a firearm specification.   The aggravated robbery charge against Wolfe was dismissed at the request of the State by an entry of nolle prosequi. The trial court sentenced Wolfe to a prison term of 15 years to life for murder to be served consecutively to a three-year prison term for the firearm specification. We affirmed Wolfe's conviction on direct appeal in *State v. Wolfe,* 2d Dist. Montgomery No. 14420, 1995 WL 140717 (Mar. 29, 1995) ("*Wolfe I*").

{¶ 3} Since then, this case has had a complicated procedural history. In 2014, Wolfe filed a "motion to re-hear and correct termination entry," arguing that his original judgment entry was defective. The trial court overruled Wolfe's motion. On appeal, we reversed and remanded the matter to the trial court, finding that the trial court should have corrected the judgment entry to reflect that Wolfe had been convicted after a jury trial, by including the amount of court costs awarded, by including reference to the statutory numerical section corresponding to Wolfe's murder conviction, and by including a jail-time credit of 284 days. *State v. Wolfe*, 2d Dist. Montgomery No. 26313, 2015-Ohio-1585, ¶ 1 ("*Wolfe II*"). We also concluded that the judgment entry should have been corrected to reflect that the count of aggravated robbery had been dismissed by nolle prosequi. *Id.* at ¶ 9. In so stating, we explained that the judgment on the aggravated robbery charge in Wolfe's case became final when the nolle prosequi on the charge was entered on January 31, 1994, and, thus, because only one document can constitute a final appealable order,

the trial court should have corrected its judgment entry to include a reference to the nolled aggravated robbery charge. *Id.*

{¶ 4} While *Wolfe II* was pending, Wolfe filed a motion to a correct clerical mistake, arguing that there was no final appealable order with respect to his conviction because the trial court had failed to journalize the jury's verdict on the aggravated murder and aggravated robbery charges. Wolfe also implied that it had been inappropriate for the trial court to permit the jury to consider the lesser-included offense of murder as opposed to dismissing or retrying the charges. On April 14, 2015, the trial court overruled the motion, and, on May 21, 2015, it entered a nunc pro tunc judgment entry that made the corrections ordered by this court in *Wolfe II*. In the nunc pro tunc judgment entry, the trial court stated: **"**INDICTED CHARGE COUNT 2: AGGRAVATED ROBBERY, 2911.01(A)(1) (Aggravated Felony 1) DISMISSED BY NOLLE PROSEQUI[.]"

{¶ 5} On September 22, 2015, Wolfe filed a motion to record the verdict, arguing that the verdict had not been properly journalized, that the trial court had improperly journalized an acquittal for aggravated murder, that the trial court had erred in permitting the jury to consider the lesser-included offense of murder, and that the evidence adduced at trial had not supported his murder conviction. The trial court also overruled that motion.

{¶ 6} Wolfe appealed from those judgments, and we consolidated Wolfe's appeals, overruling all of his assignments of error and affirming the judgments of the trial court. *State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016-Ohio-4897, ¶ 25 ("*Wolfe III*"). In *Wolfe III*, we specifically concluded that, because the aggravated robbery charge had been dismissed nolle prosequi during the lower court proceedings

and that fact was later properly reflected in the nunc pro tunc entry, Wolfe's argument concerning the aggravated robbery charge lacked merit. *Id.* at ¶ 21. We also concluded that Wolfe's claims that the trial court erred in permitting the jury to consider the lesser-included offense of murder and that the evidence adduced at trial did not support his murder conviction were barred by res judicata. *Id.* at ¶ 23.

{¶ 7} In August 2017, Wolfe filed a motion to dismiss on double jeopardy grounds, arguing that, after his initial indictment for aggravated murder was dismissed, he was never reindicted but was convicted for the same murder and that the trial court did not have jurisdiction to convict him on the lesser-included offense of murder. The trial court overruled Wolfe's motion on September 26, 2017, finding that his arguments were barred by res judicata. Wolfe appealed from that decision, and we affirmed, again concluding that Wolfe's double jeopardy and lack of jurisdiction arguments were barred by res judicata. *State v. Wolfe*, 2d Dist. Montgomery No. 27785, 2018-Ohio-1952, ¶ 10 ("*Wolfe IV*").

{¶ 8} In April 2021, Wolfe filed a motion to order the prosecution to retry or dismiss the indicted aggravated murder and aggravated robbery charges against him pursuant to Crim.R. 52(B). Wolfe again argued that the State had been required to retry him on the aggravated murder and aggravated robbery charges or dismiss the charges because the jury had not been able to find him guilty of aggravated murder. Wolfe also insisted that there was no final appealable order, even though the jury had found him guilty of murder and even though the aggravated robbery charge had been dismissed. The trial court again found that res judicata applied and overruled Wolfe's motion. Wolfe appealed. We

affirmed, reiterating that Wolfe's conviction for murder was an implicit acquittal on the aggravated murder charge and that there was no need to either dismiss the aggravated murder charge or retry it, because it had already been resolved. *State v. Wolfe*, 2d Dist. Montgomery No. 29189, 2022-Ohio-215, ¶ 16 ("*Wolfe V*"). We also concluded that Wolfe had had many opportunities to be heard and that the claims in Wolfe's motion were barred by res judicata. *Id.* at ¶ 24.

{¶ 9} Most recently, Wolfe filed a motion for resentencing in August 2022 and a motion to enter a dilatory plea in April 2023. According to Wolfe, a resentencing hearing was necessary because the nolle prosequi entry on the aggravated robbery charge was not valid and he should be permitted to enter a "dilatory plea" to a charge of involuntary manslaughter and be sentenced to time served. In June 2023, the trial court consolidated and overruled Wolfe's motions, finding that all the issues raised in the motions had previously been considered, ruled upon by the trial court, and reviewed by us. The trial court also noted that Wolfe had failed to present any new evidence that would have altered the court's previous rulings.

{¶ 10} Wolfe appeals.

## II.     Assignments of Error

{¶ 11} Wolfe asserts the following three assignments of error:

NOLLE PROSEQUI VOID AB INITIO.

STATE DID NOT HAVE JURISDICTION OVER THE SUBJECT MATTER.

PROSECUTION DID NOT HAVE JURISDICTION TO ENTER

NOLLE PROSEQUI.

{¶ 12} The crux of Wolfe's argument is that the previous filing of the nolle prosequi, dismissing the aggravated robbery count in his indictment, was not valid. Wolfe cites numerous reasons for this alleged invalidity, including that he was not present when the nolle prosequi was entered, that he was not afforded an opportunity to object to the nolle prosequi, that the State did not have good cause to nolle the aggravated robbery count, and that the State lacked jurisdiction to enter the nolle prosequi. Because of this purported invalidity, Wolfe contends that a final appealable order has never been entered in this case. We disagree.

{¶ 13} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Wolfe V*, 2d Dist. Montgomery No. 29189, 2022-Ohio-215, ¶ 23, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.*, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268, 147 N.E. 33 (1925).

{¶ 14} As set forth above, in *Wolfe II*, 2d Dist. Montgomery No. 26313, 2015-Ohio-1585, we explained that the judgment entry in this case should be corrected to reflect that Wolfe's aggravated robbery charge was dismissed by nolle prosequi. *Id.* at ¶ 9, We explained that the judgment in Wolfe's case on the aggravated robbery charge became final when the nolle prosequi on the charge was entered on January 31, 1994, and, thus, because only one document can constitute a final appealable order, the trial court should correct its judgment entry to include a reference to the nolled aggravated robbery charge. *Id.* Thereafter, the trial court entered a nunc pro tunc judgment entry that made the corrections ordered by this court in *Wolfe II* and noted in the nunc pro tunc judgment entry that Wolfe had been indicted on an aggravated robbery charge but that the charge had been dismissed by nolle prosequi. Additionally, in *Wolfe III*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016-Ohio-4897, we specifically stated that, because the aggravated robbery charge against Wolfe was dismissed nolle prosequi in the trial court and that fact was later properly reflected in the nunc pro tunc entry, Wolfe's argument concerning the aggravated robbery charge lacked merit. *Id.* at ¶ 21. Finally, in *Wolfe V*, despite Wolfe's insistence that there was no final appealable order after the jury found him guilty of murder and after the aggravated robbery charge had been dismissed, we again affirmed the judgment of the trial court and reiterated that Wolfe's conviction for murder had been an implicit acquittal on the aggravated murder charge and that there was no need to either dismiss the aggravated murder charge or retry it, noting that the aggravated robbery charge had also already been resolved. *Wolfe V* at ¶ 16.

{¶ 15} Wolfe has had his day in court and has already received a full and fair

opportunity to be heard on these issues, and we have heard and overruled the arguments Wolfe now raises in earlier appeals. Wolfe specifically raised the issues of the validity of the nolle prosequi entry and of the finality of his case in previous motions and appeals. In turn, we already addressed whether the nolle prosequi entry was properly denoted in the judgment entry in *Wolfe II* and whether Wolfe's case was still pending absent a final appealable order in both *Wolfe II* and *Wolfe V*. Accordingly, we conclude that the trial court did not err in overruling Wolfe's motion for resentencing and motion to enter a dilatory plea, as all the arguments raised in his motions were barred by res judicata.

{¶ 16} Wolfe's assignments of error are overruled.

### III. Conclusion

{¶ 17} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, J. and LEWIS, J., concur.